**CONSOLIDATED FREIGHTWAYS CORPORATION OF DELAWARE, a corporation, Plaintiff,**

**v.**

**PACHECO INTERNATIONAL CORP., a California Corporation, Defendant.**

**No. 79–0989 RJK (PX).**

United States District Court,
C. D. California.

Nov. 9, 1979.

Garfield, Tepper & Ashworth, Christopher Ashworth, Los Angeles, Cal., for plaintiff.

Kahn, Stern, Blaney & Kittrell, Mark S. Rosen, Los Angeles, Cal., for defendant.

## MEMORANDUM OF DECISION AND ORDER

KELLEHER, District Judge.

The Plaintiff, CF, is a common carrier by motor vehicle which is licensed by the Interstate Commerce Commission, and incorporated in the State of Delaware. Defendant Pacheco International Corp. (hereinafter "Pacheco") is a California corporation incorporated under the laws of the State of California.

On or about July 31, 1977, Pacheco tendered certain commodities to CF for transportation from Long Beach, California and consigned to Minas International in Provo, Utah. A Bill of Lading was issued by CF and signed by Pacheco. The Bill indicated that the freight was to be delivered "collect". Pacheco did not execute that portion of the Bill of Lading reserved for what is known as the "non-recourse" provision, whereby the consignor can absolve itself from liability for the payment of freight charges.

The shipment was delivered to the consignee, Minas, on or about August 3, 1977. Two days later CF attempted to collect the charges from the consignee, but found that Minas had vacated the premises. Certain government agencies subsequently informed plaintiff that the consignee was a non-existent corporation.

These facts as recited are found by the Court not to be in dispute. The sole issue in the Court's view is the legal effect to be given the failure of defendant Pacheco to sign the non-recourse provision of the Bill of Lading.

A shipper or consignor who tenders freight to a motor carrier operating in interstate commerce for transportation is the party primarily liable for freight charges, unless the shipper or consignor and the

carrier contractually agree that the carrier will look to another party only for payment. *See, Louisville & Nashville R.R. Co. v. Central Iron & Coal Co.*, 265 U.S. 59, 44 S.Ct. 441, 68 L.Ed. 900.

The procedure by which a shipper or consignor may relieve himself of this primary obligation to pay the freight charges is to execute the "non-recourse" provisions of the Uniform Bill of Lading upon tendering the freight to the carrier. Where the shipper or consignor has failed to sign the "non-recourse" provision contained in the carrier's Bill of Lading then, upon the failure of the consignee to pay for the freight charges, the shipper or consignor remains liable for the said freight charges. *See, e. g., Illinois Steel Co. v. Baltimore & O. R. Co.*, 320 U.S. 508, 64 S.Ct. 322, 88 L.Ed. 259 (1944). A direction by the consignor that the shipment be delivered "freight collect" is insufficient to relieve him of liability. See, *New York Central Rail Co. v. Buck Co.*, 2 Cal.2d 384, 41 P.2d 547 (1935). None of the cases cited by the defendant support its contention that the effect of such direction is to impose a secondary liability only upon defendant. The Plaintiff is not required to exhaust all possible means to collect from the consignee before proceeding against the consignor. Here, the Plaintiff went to the consignee's place of business to request payment but found the premises locked and vacated. Furthermore, government agencies informed plaintiff that the consignee was a non-existent corporation. Such efforts of the Plaintiff are, as a matter of law, sufficient to allow recourse against the consignor where the consignor failed to sign the non-recourse provision.

Based on the foregoing, the Court finds that there is no genuine issue as to any material fact, that Plaintiff herein is entitled to summary judgment as a matter of law, and therefore orders that judgment be entered accordingly.

The Clerk of the Court shall serve copies of this Order by United States mail, upon the parties appearing in this cause.